KARL S. HALL
Reno City Attorney
WILLIAM E. COOPER
Deputy City Attorney
Nevada State Bar No. 2213
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for City of Reno
and Jason Soto*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* ◊ \* \*

| | |
|---|---|
| REBECCA GASCA, an individual, | CASE NO.: 3:22-cv-00238-MMD-CSD |
| Plaintiffs, | |
| vs. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| CITY OF RENO, Nevada, a Municipal Corporation; WASHOE COUNTY SHERIFF'S OFFICE, a Municipal Corporation; DOUNGLAS COUNTY SHERIFF'S OFFICE, a Municipal Corporation; JASON SOTO, in his individual capacity; DARIN BALAAM, in his individual capacity; DANIEL COVERLEY, in his individual capacity; DOES I-X, | |
| Defendants. / | |

Defendants City of Reno ("City") and Jason Soto ("Soto"), collectively referred to as the "Reno Defendants", by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney William E. Cooper, hereby respond to the Plaintiff's First Amended Complaint and the allegations contained therein, by admitting, denying and averring as follows:

1. Reno Defendants admit the allegations contained in Paragraphs 10, 65, and 68 of the Complaint.

2. Reno Defendants deny each and every allegation contained in Paragraphs 12, 14,

15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 50, 53, 66, 67, 70, 71, 72, 76, 77, 80, 81, 84, 85, 86, 87, 95, 97, 98, 99, 100, 101, 102, 105, 106, 107, 108, 110, 115, 116, 119, 120, 121, 122, 126, 130, 133, 134, 135, 136, 139, 140, 141, 144, 145, 146, 147, 148, 149, 152, 153, 154, 155, 158, 159, 160, 161, 164, 165, 169, 170, 171, 174, 175, 176, 178, 179, 180, 184, 185, 186, 191, 192, 193, 194 and 195 of the Complaint.

3.    Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 43, 44, 45, 46, 47, 48, 49, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 69, 78, 79, 82, 83, 96, 103, 104, 112, 113, 114, 117, 118, 127, 128, 129, 131, 132, 137, 138, 150, 151, 162, 163, 168, 172, 173, 181, 182, 183, 189 and 190 of the Complaint and therefore deny the same.

4.    With regard to the allegations contained in paragraph 11 of the Complaint, Reno Defendants admit City of Reno has authority to promulgate municipal policy through municipal officials who have final policymaking authority. Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore deny the same.

5.    With regard to the allegations contained in Paragraph 13 of the Complaint, Reno Defendants admit the Reno Police Department is a Department of the City of Reno with jurisdiction to enforce state and local laws. Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore deny the same.

6.    With regard to the allegations contained in Paragraph 29 of the Complaint, Reno Defendants admit Washoe County Sheriff's Office ('WCSO") deployed officers and exercised a response to the May 30 BLM protest. Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and therefore deny the same.

7.    With regard to the allegations contained in Paragraph 37 of the Complaint, Reno Defendants admit Defendant Darin Balaam is the elected Sheriff of WCSO. Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 37 of the Complaint and therefore deny the same.

8. With regard to the allegations contained in Paragraph 41 of the Complaint, Reno Defendants admit Douglas County Sheriff's Office ("DCSO") deployed officers and exercised a response to the May 30 BLM protest. Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore deny the same.

9. With regard to the allegations contained in Paragraph 42 of the Complaint, Reno Defendants admit Daniel Coverley is the elected Sheriff of DCSO. Reno Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint and therefore deny the same.

10. With regard to the allegations contained in Paragraphs 74, 89, 157, and 167 of the Complaint, Reno Defendants admit that both the United States Constitution and the Constitution of the State of Nevada, prohibit the violation the Constitutional Rights, but Reno Defendants deny violating Plaintiff's constitutional rights and deny all allegations of wrongdoing, liability and responsibility for damages.

11. With regard to all allegations containing citations to statutory or case law, assertions regarding the interpretation, meaning or application of such law, or general assertions about any law or body of law, such allegations are not factual allegations to which a response is required. Except where otherwise clearly indicated, Reno Defendants do not adopt, admit or deny Plaintiff's allegations concerning any law or its interpretations. This paragraph is the response to the allegations and legal argument contained in Paragraphs 5, 75, 90, 91, 92, 93, 94, 111, 124, 125, 143, and 188 of the Complaint.

5. Reno Defendants re-assert their responses to the respective allegations re-alleged by Plaintiff in Paragraphs 73, 88, 109, 123, 142, 156, 166, 177 and 187 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to allege facts sufficient to state a claim upon which relief can be granted.

2. With respect to Plaintiff's State Law claims, no action may be brought against the

Reno Defendants which is based upon the exercise or performance or the failure to exercise or perform a discretionary function. NRS 41.032

3. No action may be brought against, or damages recovered from, a Chief of a Police Department which is based solely upon an act or omission of an officer of the Department. NRS 41.0335.

4. An award of damages in an action sounding in tort brought against a present or former officer or employee of the State or any political subdivision, arising out of an act or omission within the scope of the person's public duties or employment may not exceed the sum of $150,000, exclusive of interest computed from the date of judgment, to or for the benefit of any claimant. An award may not include any amount as exemplary or punitive damages. NRS 41.035.

5. Plaintiff failed to mitigate her damages and assumed the risk of injury by voluntarily entering into the confrontation between law enforcement officers and violent protesters.

6. No act or omission of the Reno Defendants was a substantial factor in bringing about the damages alleged by Plaintiff, nor was any act or omission by Reno Defendants a contributing cause thereof. Any act or omission of Reno Defendants was superseded or preceded by the acts or omissions of third parties, which were the independent, intervening, legal and proximate cause of the damages allegedly suffered by Plaintiff.

7. Plaintiff's claims are barred by the doctrines of accord and satisfaction, waiver, estoppel, laches and unclean hands.

8. Plaintiff's claims are barred by her failure to comply with statutory prerequisites, including the statute of limitations.

9. Reno Defendant Soto is shielded from liability for monetary damages pursuant to the Doctrine of Qualified Immunity.

10. Plaintiff's alleged damages were directly, proximately and legally caused by her own intentional and /or negligent actions.

11. The injuries and damages alleged in the Amended Complaint were caused in whole or in part by the comparative negligence/negligence per se, of Plaintiff. Any liability of Reno Defendants is accordingly reduced in whole or in part.

12. Defendants are entitled to Discretionary and Good Faith Immunity on all of Plaintiffs claims.

13. Reno Defendant Soto is the Chief of Police for the Reno Police Department but he is not a "final policymaker" for the purposes of municipal liability under § 1983.

The Reno Defendants reserve the right to amend this pleading to include any additional or further affirmative defenses as their bases become known and relevant, and to bring other related affirmative claims.

Wherefore, Reno Defendants pray:

1. For judgment in their favor on all claims and defenses of the parties;
2. For an award of all costs and attorney's fees incurred; and
3. For any additional or further relief this Court may deem just and proper.

DATED this  27th  day of July, 2022.

                                                  KARL S. HALL
                                                  Reno City Attorney

                                         By:   */s/ William E. Cooper*
                                                  WILLIAM E. COOPER
                                                  Deputy City Attorney
                                                  Nevada State Bar #2213
                                                  Post Office Box 1900
                                                  Reno, Nevada 89505
                                                  *Attorneys for City of Reno and Jason Soto*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices or;

_____    Personal delivery.

\_\_X\_\_    CMECF electronic service.

_____    Facsimile (FAX).

_____    Federal Express or other overnight delivery.

_____    Reno/Carson Messenger Service.

addressed as follows:

Margaret A. McLetchie, Esq.
Leo S. Wolpert, Esq.
MCLETCHIE LAW
602 South Tenth Street
Las Vegas, NV 89101
*Attorneys for Plaintiffs*

DATED this 27th day of July, 2022.

　　　　　　　　　　　　　　　　　　　　*/s/ Terri Strickland*
　　　　　　　　　　　　　　　　　　　　Terri Strickland
　　　　　　　　　　　　　　　　　　　　Legal Assistant